Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
Fax: (702) 329-5881
mk@kindlaw.com
*Attorney for Plaintiff and the Proposed Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAUREN DAVIS, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br> v. <br><br> BOARDSI, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR INJUNCTION AND DAMAGES** <br><br> **Class Action** <br><br> **JURY TRIAL DEMAND** |

Plaintiff Lauren Davis ("Plaintiff"), by her undersigned counsel, brings this Class Action Complaint against Defendant Boardsi, Inc. ("Boardsi" or "Defendant") and alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

1

**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. "If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports.[1] "Robocalls" are the number one consumer complaint in America today and Defendant's conduct in this case is a good reason why.

3. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent illegal robocalls.

4. More specifically, Congress passed the TCPA in 1991 to address a growing number of consumer complaints regarding certain telemarketing practices – for example, computerized calls to private homes. Congress found that "pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*,

---

[1] *Available at* https://www.consumerreports.org/cro/magazine/2015/07/rage-against-robocalls/index.htm (last visited Apr. 8, 2024).

2
**CLASS ACTION COMPLAINT**

565 U.S. 368, 371 (2012) ("The Act bans certain practices invasive of privacy[.]").

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991).

6. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. These types of damages are the same shared by the Plaintiff and the other putative class members.

7. Accordingly, the TCPA regulates, *inter alia*, the use of prerecorded messages. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8. Despite this prohibition, Defendant Boardsi, violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

**CLASS ACTION COMPLAINT**

9. As a result of this conduct, Plaintiff brings this action for relief under the TCPA, 47 U.S.C. § 227 on behalf of herself and a nationwide class of similarly-situated individuals.

## PARTIES

10. Plaintiff Lauren Davis is an individual person and a resident of Dallas, Texas.

11. Boardsi is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

12. Styling itself as a recruiting company, Boardsi sells a subscription-based service that seeks to place subscribers on the board of directors of companies within the subscribers' field of expertise.

13. To that end, Boardsi markets its subscription-based service through telemarketing calls featuring an artificial voice and prerecorded message.

## JURISDICTION AND VENUE

14. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

15. This Court has personal jurisdiction over Boardsi because it is a Nevada corporation that maintains its principal place of business in this State.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Boardsi maintains its principal place of business in this District.

## FACTS

17. Plaintiff is, and has been at all relevant times, the regular and customary user of the cellular telephone assigned to the number (214) 471-XXXX ("Plaintiff's Number").

18. On August 28, 2024, Boardsi placed a prerecorded call to Plaintiff's Number, which originated from (256) 485-6122 (the "Boardsi Number").

19. The call, which Plaintiff recorded, used a prerecorded voice and artificial intelligence ("AI") to simulate a live person.

20. This AI voice identified itself as calling from Boardsi, at which point Plaintiff stated "please take me off the list."

21. In response, the AI voice on the other end of the call stated "I…I…I understand Lauren, Just to clarify, do you do any board work?"

22. This prompted several back-and-forth exchanges in which Plaintiff repeated requested "please take me off the list." Each time Plaintiff did so, the AI voice repeated the same statement "I understand Lauren. Just to clarify, do you do any board work?"

23. After these exchanges, the call simply terminated.

24. Given the repetitive content of the call, there can be no dispute Boardsi placed the call to Plaintiff's Number using a prerecorded and/or artificial voice, combined with AI, to simulate a live person.

25. Later that day, Plaintiff received two additional calls from the Boardsi Number.

26. Plaintiff is not, and has never been, a customer of Boardsi.

27. Plaintiff did not provide Plaintiff's Number to Boardsi.

28. Plaintiff did not provide Boardsi with consent to place calls to Plaintiff's Number.  Plaintiff did not provide Boardsi with consent to place calls in connection with the use of an artificial or prerecorded voice.

29. Boardsi placed the subject calls to Plaintiff's Number voluntarily, and of its own free will.

**CLASS ACTION COMPLAINT**

30. Boardsi had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to Plaintiff's Number.

31. Plaintiff suffered actual harm as a result of the artificial and/or prerecorded calls she received from Boardsi, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

32. Upon information and good faith belief, Boardsi, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following Class:

> All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, (3) not assigned to a person who either subscribed to Defendant's service or responded to an email regarding the same, (4) where an artificial or prerecorded voice was played, (5) from four years prior to the filing of this complaint through the date of class certification.

34. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

35. The Class defined above is identifiable through Defendant's own call records and account records, as well as those maintained by third parties.

**CLASS ACTION COMPLAINT**

36. The members of the Class are ascertainable because they are defined by reference to objective criteria.

37. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Defendant's business, Plaintiff reasonably believes that the Class members' number, at a minimum, in the hundreds.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendant.

39. Plaintiff is a member of the Class.

40. As a non-subscriber who did not respond to a marketing email, Plaintiff's claims are typical of the claims of the other Class members.

41. Plaintiff and all members of the Class have been harmed by Defendant's actions. That is not only because the Class members were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls; such calls are also an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

42. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. There are questions of law and fact common to the members of the Class, which predominate over any questions affecting only individual

Class members. Those common questions of law and fact include, but are not limited to:

    (a) Whether Defendant's calls utilized an artificial or prerecorded voice;

    (b) Whether Defendant placed robocalls to non-subscribers who did not consent to those calls;

    (c) Whether Defendant's conduct, as alleged herein, violates the TCPA;

    (d) Whether Defendant's conduct was willful or knowing; and

    (e) Whether Plaintiff and the Class are entitled to statutory damages.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this matter because the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and the small amount of potential recoverable damages. Further, there will be little difficulty in the management of this action as a class action.

45. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## CLAIMS ASSERTED

### Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

46. Plaintiff repeats and re-alleges each and every factual allegation contained herein.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's

cellular telephone number and the cellular telephone numbers of the members of the Class, without consent, or by the fact that someone did so on their behalf.

48. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment in favor of Plaintiff and the Class against Defendant, as follows:

(a) An order enjoining Defendant from placing prerecorded phone calls to non-subscribers without prior express consent;

(b) An award of statutory damages to Plaintiff and the Class in the amount of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation of the TCPA;

(c) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 11th day of December, 2024.

**KIND LAW**

*/s/ Michael Kind*
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

Matthew J. Langley (*Pro Hac Vice* application to be submitted)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (773) 554-9354
matt@almeidalawgroup.com

Keith J. Keogh (*Pro Hac Vice* application to be submitted)
Gregg M. Barbakoff (*Pro Hac Vice* application to be submitted)
**KEOGH LAW, LTD.**
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
Tel.: (312) 726-1092
Fax: (312) 726-1093
keith@keoghlaw.com
gbarbakoff@keoghlaw.com

*Attorneys for Plaintiff and the Proposed Class*