UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lauren Davis,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Boardsi, Inc.,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-02300-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 42, 43] |

Pending before the Court is Defendant's motion to stay discovery, Docket No. 42, which it filed on an emergency basis, *see* Docket No. 43.[1]

Emergency motions are disfavored because of the many problems they create for the opposing party and the Court. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). The Court possesses wide discretion in deciding whether circumstances in fact constitute an "emergency." *See, e.g.*, Local Rule 26-6(d). Emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Cardoza*, 141 F. Supp. 3d at 1143 (quoting *in re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

The gist of the pending request for emergency consideration is that Defendant contends it faces potentially costly discovery in the coming months as case management deadlines approach. *See* Docket No. 43 at 3-4. Defendant has had many months in which it could have filed a motion to stay discovery. Indeed, on July 15, 2025, the Court indicated as follows: "If any party seeks a stay of discovery, a proper request must be filed addressing the pertinent standards." Docket No. 38 at 1 n.1. Defendant did not file that motion and instead urged a stay of discovery within the discovery plan. Docket No. 39 at 2-3. On July 30, 2025, the Court rejected that request without

---

[1] This request is fashioned as seeking to "shorten time." Docket No. 43 at 1. Whether a party seeks to shorten time or for emergency treatment of their request, the analysis is the same.

1

prejudice, referenced its prior admonition to file a proper motion, and then ordered that "[a]ny motion to stay discovery *must be filed in prompt fashion*." Docket No. 40 at 1 & n.1 (emphasis added). <u>That order issued 65 days ago</u>. The fact that Defendant delayed filing its motion to stay discovery until case management deadlines are approaching does not justify expedited treatment of that motion. To (again) quote the late Judge Pamela Ann Rymer: emergency motions "are not intended to save the day for parties who have failed to present requests when they should have."

Accordingly, the Court **DENIES** the motion for emergency treatment. Docket No. 43. Defendant's motion to stay discovery, Docket No. 42, will be briefed and decided in the ordinary course.

IT IS SO ORDERED.

Dated: October 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge